```
              THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| GLEN A. HOOKS, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, |  |
|  | Civil No. 07-5627 (JBS) |
| v. |  |
| WARDEN PAUL SCHULTZ, et al., |  |
|  | **OPINION** |
| Respondent. |  |

APPEARANCES:

Mr. Glen A. Hooks
1727 Gales Place, N.E.
Washington, DC 20002
    Plaintiff appearing pro se

Paul J. Fishman
United States Attorney
By:  Paul A. Blaine
     Assistant United States Attorney
U.S. ATTORNEY'S OFFICE
401 Market Street, 4th Floor
Camden, New Jersey 08101
    Attorneys for the Defendants

**SIMANDLE**, District Judge:

    This action is presently before the Court on the second motion for summary judgment of the two remaining defendants, Warden Paul Schultz and Food Services Administrator Douglas McPhail [Docket Item 59].  This motion is unopposed.  The case arises from an assault upon Plaintiff, Glen A. Hooks ("Plaintiff"), on January 10, 2007, at the Federal Correctional Institution in Fairton, New Jersey ("FCI Fairton"), at the hands

of a fellow inmate[1] with a history of psychiatric illness, including incidents of violence at another institution. As the Court will explain at greater length below, because it is undisputed that neither defendant knew of the risk the assailant posed to Plaintiff (or anyone else), the Court will grant Defendants' second motion for summary judgment.[2]

---

[1] The Court will not use the other inmate's name for the sake of medical and mental health privacy. He will be referred to as the "other inmate" or "assailant."

[2] Also before the Court, though not listed as a motion on the docket, is Plaintiff's renewed request for appointment of counsel [Docket Item 54]. In that motion, Plaintiff asserts that he is a "layman" who does not know the civil law and rules. The rest of his motion turns on his views of the merits of his own civil action (demonstrating himself capable of advocating on his own behalf). Defendants respond that Plaintiff has failed to show any of the factors needed for an analysis under Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993). Moreover, they note that since the Magistrate Judge first denied Plaintiff's motion for appointment of counsel on September 4, 2008, Plaintiff has been released from custody, yet he has not established that he cannot presently afford to obtain counsel.
   The Court will deny Plaintiff's motion for appointment of counsel. Plaintiff's lack of legal training, alone, is not a basis for appointing counsel, because it is a limitation held in common by most pro se parties. Council v. Nash, No. 06-007, 2007 WL 1651191 (D.N.J. June 1, 2007). Moreover, though whether or not Plaintiff's claim is meritorious is a necessary preliminary matter, it is essential that the Tabron factors weigh in favor of appointment of counsel before counsel is appointed. Parham v. Johnson, 126 F.3d 454, 457-58, 461 (3d Cir. 1997). Plaintiff has shown that he is able to represent himself, submitting lengthy legal arguments with applicable case law, along with supporting evidence in the form of medical records and a diagram (and similarly was able to exhaust his administrative remedies against the remaining defendants). The legal issues raised are not complex, having been fully laid out in this Court's March 19, 2009 Opinion. Plaintiff has proven himself capable of factual investigation, as shown by the medical records and Freedom of Information Act ("FOIA") requests he has submitted. At this

## I.  BACKGROUND

### A.  Facts

The Court has already set forth, at length, the facts of this case, Hooks v. Schultz, No. 07-5627, 2009 WL 777394 (D.N.J. Mar. 19, 2009), and so that Court will only briefly outline the underlying incident giving rise to this claim.  On January 10, 2007, while working in the Food Service Department at FCI Fairton, Plaintiff was attacked by the assailant inmate, also a Food Service inmate employee.  Id. at *1-2.  Plaintiff suffered a large, deep laceration on the left side of his forehead and a swollen left upper cheek.  Id. at *2.

---

stage, on a motion for summary judgment, credibility determinations need not (and should not) be made.  Finally, as discussed above, Plaintiff has not asserted that, given that he had now been out of custody for over one year, he cannot afford or obtain counsel.  The Court therefore concludes, keeping in mind that limited resources forbid the appointment of counsel "indiscriminately," that appointment of pro bono counsel is not appropriate in this case.  See Tabron, 6 F.3d at 156-57.
   Though the Court previously had concerns about Plaintiff's access to confidential records of the assailant, on this motion for summary judgment the sole issue is whether either defendant had knowledge of the threat posed by the inmate that attacked Plaintiff -- information that could be obtained through interrogatories and depositions of the individual defendants and does not turn on the confidential records of the assailant.  According to defense counsel, Plaintiff sought no information from the remaining defendants, despite his demonstrated ability to investigate on his own behalf.  Nor has he made any attempt to oppose the present motion for summary judgment, again despite his demonstrated ability to successfully oppose prior dispositive motions.  Plaintiff's inertia in prosecuting his own case (despite his ability to do so) similarly weigh against the discretionary determination to appoint counsel, where pro bono counsel are scarce and those in need of counsel are many.

As outlined in the March 19th opinion, the assailant inmate arrived at FCI Fairton on February 6, 2006, having incurred five disciplinary violations (some violent) at his prior institution, and worked in the Fairton Food Services Department for almost ten consecutive months.  Id.  The inmate suffered from a mental health history of depression and schizophrenia.  Id.  When he arrived, the inmate's name was put on the Psychology Management List -- a list of inmates with extensive mental health issues that is distributed to executive staff, department heads, Lieutenants, and unit teams.  (Defs. Statement of Material Facts ¶ 10.)[3]

Starting from the inmate assailant's arrival at FCI Fairton, he was monitored and cared for by Dr. Claude Dennery, an FCI Fairton staff psychologist, and Dr. Julie Smith, the Chief Psychologist.  (Id. ¶¶ 12, 18-25.)  Dr. Dennery met with the inmate on February 6, 2006 and cleared him for placement in the general population, "because [the inmate] was taking his medications with reported success in managing his mental illness, had a bright affect, and denied distress and suicidal ideation or intent."  (Id. ¶ 18.)  Beginning in November, 2006, the inmate began to show some signs of instability, by refusing to work at

---

[3] Plaintiff does not dispute any of Defendants' statement of material facts not in dispute and so, pursuant to Local Civil Rule 56.1(a), those facts are deemed undisputed for the purposes of this summary judgment motion.

4

one point (id. ¶ 19), sporadically taking his medication (id. ¶¶ 20, 23), and on at least on occasion "sitting for long periods and staring" (id. ¶ 2).  Dr. Dennery reviewed each occurrence and determined that the inmate remained fit to return to work.  (Id. ¶¶ 19-25.)  Dr. Smith has reviewed Dr. Dennery's decision and determined that "[r]eturning the inmate to his work assignment was [] clinically appropriate."  (Id. ¶ 29.)  "Dr. Dennery never contacted Warden Schultz, Food Services Administrator McPhail, or any other staff member to report that the inmate was unstable, aggressive, assaultive or otherwise inappropriate for continued placement in the general population."  (Id. ¶ 26.)

Defendant McPhail is responsible for managing the food program at FCI Fairton, but he does not determine whether inmates are sufficiently physically or mentally fit to work in Food Services.  (Id. ¶¶ 8-9.)  Instead, that determination is made by health care professionals, because McPhail has no medical or psychological training.  (Id. ¶ 8.)  Defendant McPhail did not know that the assailant inmate posed any risk to Plaintiff or anyone else.  (Id. ¶¶ 12-15.)  Defendant McPhail never observed the inmate behave violently, erratically, or in any unusual manner, and instead found him to be "a good worker, [who] was quiet and kept to himself."  (Id. ¶ 13-15.)  No one on McPhail's staff told him of threatening behavior by the inmate, and no one

from Psychology Services or Heath Services suggested that the inmate was unfit to work in Food Services.  (Id. ¶ 14.)

Defendant Schultz manages the day to day operations of FCI Fairton and he relies on the Psychological Services staff to determine the appropriate placement for inmates with mental health problems.  (Id. ¶ 16.)  Prior to the January 10, 2007 attack, Defendant Schultz did not know that the inmate was dangerous or assaultive, as he did not access the inmate's psychological or disciplinary records nor was he warned of any such risk.  (Id. ¶ 17.)  "The Warden had no personal knowledge prior to January 10, 2007, of the inmate's institutional or psychological histories, and was unaware of any likelihood or propensity for assaultive behavior or the circumstances under which such might occur."  (Id.)

**B. Procedural History**

On November 26, 2007, Plaintiff filed his complaint in this matter, along with several exhibits detailing the January 10, 2007 assault against him and requests he had made to FCI Fairton officials.  In that complaint Plaintiff alleged that Defendants Schultz and McPhail, as well as Associate Warden Karl Belfonti, Captain Michael Ward, Assistant Administrator of Food Services Michael Howard, Chief Psychologist Dr. Julie Smith, and Clinical

6

Director Dr. R. B. Morales, M.D., violated Plaintiff's Eight Amendment right to be free from cruel and unusual punishment.[4]

On March 19, 2009, this Court granted summary judgment in favor of Defendants Belfonti, Ward, Howard, Smith, and Morales. The Court denied summary judgment to Schultz and McPhail, finding that a genuine dispute existed as to whether Defendants Schultz and McPhail knew that the assailant inmate presented a threat to Plaintiff and were deliberately indifferent to that risk.  Hooks, 2009 WL 777394, at *13-14.  The Court emphasized that summary judgment on this issue was premature, because there had been no opportunity for discovery.  Id. at *13.

Following the March 19, 2009 Opinion, the Magistrate Judge entered a scheduling order, extending factual discovery to June 30, 2009 and making dispositive motions due by August 17, 2009. On July 17, 2009, Defendants Schultz and McPhail filed the instant second motion for summary judgment, arguing that there is now no genuine dispute that Defendants Schultz and McPhail did not actually know of the risk presented by the assailant inmate. Plaintiff has not responded.

---

[4] Plaintiff also brought claims pursuant to the Federal Tort Claims Act, but the Court dismissed those claims in its March 19, 2009 Opinion and Order.  Hooks, 2009 777394, at *14 n.7.

**II.   DISCUSSION**

   **A.   Standard of Review**

Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law. Id. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. Id.

"[T]he nonmoving party may not, in the face of a showing of a lack of a genuine issue, withstand summary judgment by resting on mere allegations or denials in the pleadings; rather, that party must set forth 'specific facts showing that there is a genuine issue for trial,' else summary judgment, 'if appropriate,' will be entered." U.S. v. Premises Known as 717 S. Woodward Street, Allentown, Pa., 2 F.3d 529, 533 (3d Cir. 1993) (quoting Fed. R. Civ. P. 56(e))(citations omitted).

> Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of

8

>     proof concerning an essential element of the
>     nonmoving party's case necessarily renders all
>     other facts immaterial.

Celotex, 477 U.S. at 323.

In the present case, Plaintiff's failure to respond "is not alone a sufficient basis for the entry of a summary judgment." See Anchorage Assocs. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990) (holding that a local rule deeming unopposed motions to be conceded did not justify the grant of summary judgment without analysis under Rule 56(e), Fed. R. Civ. P.). The Court must still determine, even for an unopposed summary judgment motion, whether the motion for summary judgment has been properly made and supported and whether granting summary judgment is "appropriate," as required by Rule 56(e), Fed. R. Civ. P. In order to grant Defendants' unopposed motion for summary judgment, where, as here, "the moving party does not have the burden of proof on the relevant issues, . . . the [Court] must determine that the deficiencies in [Plaintiff's] evidence designated in or in connection with the motion entitle the [Defendants] to judgment as a matter of law." Id. Additionally, pursuant to Local Civil Rule 56.1(a), Defendants' statement of material facts not in dispute are deemed undisputed for the purposes of this summary judgment motion.

**B.     The Eighth Amendment and Failure to Protect Claims**

The Eighth Amendment "impose[s] a duty upon prison officials to take reasonable measures 'to protect prisoners from violence at the hands of other prisoners.'" Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir. 1997) (quoting Farmer v. Brennan, 511 U.S. 825, 833 (1994)).  However,

> for an inmate to prevail on an Eighth Amendment failure-to-protect claim, two requirements must first be met. First, the prisoner must demonstrate "that he is incarcerated under conditions posing a substantial risk of serious harm." [Farmer, 511 U.S. at 834.]  This element is satisfied when the alleged "punishment" is "objectively serious." Id. Second, the prison officials involved must have a sufficiently culpable state of mind. [Id. at 838.] ("Our cases mandate inquiry into a prison official's state of mind when it is claimed that the official has inflicted cruel and unusual punishment."). Specifically, the inmate must show that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and she must also draw the inference." Id.

Hamilton, 117 F.3d at 746 (citations omitted).

To establish deliberate indifference, a plaintiff must show that the individual was subjectively aware of the risk of harm to the plaintiff's health or safety, and disregarded it. Natale v. Camden County Corr. Facility, 318 F.3d 575, 582 (3d. Cir. 2003). "The knowledge element of deliberate indifference is subjective, not objective knowledge, meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." Beers-

Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001).  Knowledge may be shown where the official has actual notice of the risk, Nami v. Fauver, 82 F.3d 63, 67-68 (3d Cir. 1996), or where the risk was "longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus must have known about it."  Farmer, 511 U.S. at 842.

In the present case, while there is evidence from which a fact-finder could find that certain members of the FCI Fairton staff were aware of the risk posed by the assailant inmate, there is no direct evidence that either Defendants Schultz or McPhail actually knew about the inmate or the risk he posed.  More significantly, Defendants have asserted in their statement of material facts not in dispute, pursuant to Local Civil Rule 56.1(a), that neither Schultz or McPhail knew or had reason to know that the assailant inmate was any risk to other FCI Fairton inmates.

> Local Civil Rule 56.1(a) provides:
>
>> On motions for summary judgment, the movant shall furnish a statement which sets forth material facts as to which there does not exist a genuine issue, in separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion. . . . The opponent of summary judgment shall furnish, with its opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement

11

> and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion; any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion.

Though the Court might be inclined to interpret this rule liberally had Plaintiff, appearing pro se, filed some opposition, here Plaintiff has failed to file any response.  Consequently, the Court will deem all of Defendants' facts to be undisputed. See, e.g., Glazewski v. Corzine, No. 06-4107, 2009 WL 5220168, at *1 (D.N.J. Dec. 31, 2009) (where pro se plaintiff failed to respond to defendant's statement of material facts not in dispute, those facts are deemed undisputed under Local Civil Rule 56.1(a)); Bernard v. Stanfield, No. 07-3394, 2009 WL 5205272, at *1-2 (D.N.J. Dec. 22, 2009) (same); Handron v. Sebelius, --- F.Supp.2d ----, 2009 WL 3584342, at *1 (D.N.J. Oct. 27, 2009) (failure to respond to movant's statement of material facts not in dispute results in those facts being deemed undisputed pursuant to Rule 56.1(a)).

   It is undisputed that neither Schultz nor McPhail knew that the assailant inmate posed a risk to Plaintiff.  (Defs. Statement of Material Facts ¶¶ 12-17.)  Defendants McPhail and Schultz did not see the assailant inmate exhibit any behavior that would suggest he was a danger, nor did any person report such behavior or any risk to either defendant.  (Id.)  Consequently, Plaintiff cannot show that either defendant was deliberately indifferent to

the risk the assailant inmate posed, and cannot state a claim for relief under the Eighth Amendment.  See Beers-Capitol, 256 F.3d at 133.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment with regards to Defendants Schultz and McPhail shall be granted.  The accompanying Order will be entered.


**January 29, 2010**                              **s/ Jerome B. Simandle**
Date                                          JEROME B. SIMANDLE
                                              U.S. District Judge

13